1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11   LORETTA CUMMINGS,

12        Plaintiff,

13        v.                              NO. CIV. S-07-02777 WBS GGH

14
     SMURFIT STONE CONTAINER
15   ENTERPRISES, INC. and DOES 1
     through 5, inclusive,
16
          Defendants.
17

18                          ----oo0oo----

19              STATUS (PRETRIAL SCHEDULING) ORDER

20            After reviewing the parties' Joint Status Report, the

21   court hereby vacates the Status (Pretrial Scheduling) Conference

22   scheduled for April 7, 2008, and makes the following findings

23   and orders without needing to consult with the parties any

24   further.

25            I.   SERVICE OF PROCESS

26            All named defendants have been served and no further

27   service is permitted without leave of court, good cause having

28   been shown under Fed. R. Civ. P. 16(b).

                                   1

1       II.   <u>JOINDER OF PARTIES/AMENDMENTS</u>

2              No further joinder of parties or amendments to

3       pleadings is permitted except with leave of court, good cause

4       having been shown under Fed. R. Civ. P. 16(b).  <u>See</u> <u>Johnson v.</u>

5       <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

6              III.   <u>JURISDICTION/VENUE</u>

7              Jurisdiction is predicated upon 28 U.S.C. § 1332

8       (diversity).  Venue is undisputed and is hereby found to be

9       proper.

10            IV.   <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

11             The parties stipulate that after the completion of

12      some initial discovery, they will determine whether voluntary or

13      alternative dispute resolution is appropriate, and if so, will

14      pursue private mediation.  If the case is not settled in such

15      mediation, a Settlement Conference will be set at the time of

16      the Pretrial Conference.

17            V.   <u>DISCOVERY</u>

18             The parties have stipulated that each party will serve

19      the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by

20      no later than April 21, 2008 and that no discovery requests

21      shall be served before that date.

22             Plaintiff and defendants shall disclose experts and

23      produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by

24      no later than October 6, 2009.

25             Plaintiff opposes defendants' request that plaintiff's

26      deposition be extended to two days.  Pursuant to Federal Rule of

27      Civil Procedure 30(d)(1), this court must allow additional time

28      if needed to fairly examine the deponent.  However, defendants

                                    2

1  have put forth no reason why the court should extend plaintiff's

2  deposition.  Accordingly, at this time, Rule 30(d)(1) continues

3  to limit plaintiff's deposition to one seven-hour day.  This

4  order is without prejudice to defendants' right to renew its

5  request before the assigned magistrate judge

6          All discovery, including depositions for preservation

7  of testimony, is left open, save and except that it shall be so

8  conducted as to be <u>completed</u> by January 26, 2009.  The word

9  "completed" means that all discovery shall have been conducted

10  so that all depositions have been taken and any disputes

11  relevant to discovery shall have been resolved by appropriate

12  order if necessary and, where discovery has been ordered, the

13  order has been obeyed.  All motions to compel discovery must be

14  noticed on the magistrate judge's calendar in accordance with

15  the local rules of this court and so that such motions may be

16  heard (and any resulting orders obeyed) not later than January

17  26, 2009.

18          VI.  <u>MOTION HEARING SCHEDULE</u>

19          All motions, except motions for continuances,

20  temporary restraining orders, or other emergency applications,

21  shall be filed on or before March 16, 2009.  All motions shall

22  be noticed for the next available hearing date.  Counsel are

23  cautioned to refer to the local rules regarding the requirements

24  for noticing and opposing such motions on the court's regularly

25  scheduled law and motion calendar.

26          VII.  <u>FINAL PRETRIAL CONFERENCE</u>

27          The Final Pretrial Conference is set for June 1, 2009

28  at 2:00 p.m. in Courtroom No. 5.  The conference shall be

1   attended by at least one of the attorneys who will conduct the

2   trial for each of the parties and by any unrepresented parties.

3            Counsel for all parties are to be fully prepared for

4   trial at the time of the Pretrial Conference, with no matters

5   remaining to be accomplished except production of witnesses for

6   oral testimony.  Counsel shall file separate pretrial

7   statements, and are referred to Local Rules 16-281 and 16-282

8   relating to the contents of and time for filing those

9   statements.  In addition to those subjects listed in Local Rule

10   16-281(b), the parties are to provide the court with: (1) a

11   plain, concise statement which identifies every non-discovery

12   motion which has been made to the court, and its resolution; (2)

13   a list of the remaining claims as against each defendant; and

14   (3) the estimated number of trial days.

15            In providing the plain, concise statements of

16   undisputed facts and disputed factual issues contemplated by

17   Local Rule 16-281(b)(3)-(4), the parties shall emphasize the

18   claims that remain at issue, and any remaining affirmatively

19   pled defenses thereto.  If the case is to be tried to a jury,

20   the parties shall also prepare a succinct statement of the case,

21   which is appropriate for the court to read to the jury.

22            VIII.   TRIAL SETTING

23            The jury trial is set for August 18, 2009 at 9:00 a.m.

24   in Courtroom No. 5.  The parties estimate that the trial will

25   last approximately eight court days.

26            IX.   SETTLEMENT CONFERENCE

27            A Settlement Conference will be set at the time of the

28   Pretrial Conference.

1    All parties should be prepared to advise the court

2 whether they will stipulate to the trial judge acting as

3 settlement judge and waive disqualification by virtue thereof.

4    Counsel are instructed to have a principal with full

5 settlement authority present at the Settlement Conference or to

6 be fully authorized to settle the matter on any terms.  At least

7 seven calendar days before the Settlement Conference counsel for

8 each party shall submit a confidential Settlement Conference

9 Statement for review by the settlement judge.  If the settlement

10 judge is not the trial judge, the Settlement Conference

11 Statements shall not be filed and will not otherwise be

12 disclosed to the trial judge.

13    X.  <u>MODIFICATIONS TO SCHEDULING ORDER</u>

14    Any requests to modify the dates or terms of this

15 Scheduling Order, except requests to change the dates of the

16 final Pretrial Conference or trial, may be heard and decided by

17 the assigned Magistrate Judge.  All requests to change the dates

18 of the Pretrial Conference and/or trial shall be heard and

19 decided only by the undersigned judge.

20 DATED:  April 3, 2008

21

22 _____

23 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

24

25

26

27

28