UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LORETTA CUMMINGS,

    Plaintiff,

    v.                           NO. CIV. S-07-02777 WBS GGH

SMURFIT STONE CONTAINER ENTERPRISES, INC. and DOES 1 through 5, inclusive,

    Defendants.

----oo0oo----

**(\*\*CORRECTED)** STATUS (PRETRIAL SCHEDULING) ORDER

    After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for April 7, 2008, and makes the following findings and orders without needing to consult with the parties any further.

    I.    <u>SERVICE OF PROCESS</u>

    All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

1

1        II.   JOINDER OF PARTIES/AMENDMENTS
2             No further joinder of parties or amendments to
3   pleadings is permitted except with leave of court, good cause
4   having been shown under Fed. R. Civ. P. 16(b).  See Johnson v.
5   Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).
6        III.  JURISDICTION/VENUE
7             Jurisdiction is predicated upon 28 U.S.C. § 1332
8   (diversity).  Venue is undisputed and is hereby found to be
9   proper.
10       IV.   VOLUNTARY DISPUTE RESOLUTION PROGRAM
11            The parties stipulate that after the completion of
12  some initial discovery, they will determine whether voluntary or
13  alternative dispute resolution is appropriate, and if so, will
14  pursue private mediation.  If the case is not settled in such
15  mediation, a Settlement Conference will be set at the time of
16  the Pretrial Conference.
17       V.    DISCOVERY
18            The parties have stipulated that each party will serve
19  the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by
20  no later than April 21, 2008 and that no discovery requests
21  shall be served before that date.
22            Plaintiff and defendants shall disclose experts and
23  produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by
24  no later than **October 6, 2008.
25            Plaintiff opposes defendants' request that plaintiff's
26  deposition be extended to two days.  Pursuant to Federal Rule of
27  Civil Procedure 30(d)(1), this court must allow additional time
28  if needed to fairly examine the deponent.  However, defendants

have put forth no reason why the court should extend plaintiff's deposition.  Accordingly, at this time, Rule 30(d)(1) continues to limit plaintiff's deposition to one seven-hour day.  This order is without prejudice to defendants' right to renew its request before the assigned magistrate judge

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by January 26, 2009.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than January 26, 2009.

VI.   <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before March 16, 2009.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VII.   <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for June 1, 2009 at 2:00 p.m. in Courtroom No. 5.  The conference shall be

attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VIII.   TRIAL SETTING

The jury trial is set for August 18, 2009 at 9:00 a.m. in Courtroom No. 5.  The parties estimate that the trial will last approximately eight court days.

IX.   SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.

All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

X.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED:  April 4, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE